IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ROCHELLE COLEMAN,

        Plaintiff,

  v.

JAYA OLINSKI, *et al.*,

        Defendants.

Civil Action No.
5:16-CV-0838 (MAD/DEP)

---

<u>APPEARANCES</u>:

<u>FOR PLAINTIFF</u>:

ROCHELLE COLEMAN, *Pro Se*
231 Lilac Street
Syracuse, NY 13208

<u>FOR DEFENDANT</u>:

[NONE]

<u>OF COUNSEL</u>:

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

<u>REPORT, RECOMMENDATION AND ORDER</u>

*Pro se* plaintiff Rochelle Coleman has filed as one action four civil rights complaints against two attorneys and, with respect to one of those four complaints, the Commissioner of Social Security. *See* Dkt. Nos. 1, 1-1, 1-2,

and 1-3. The separate complaints are purportedly brought under three different civil rights statutes including (1) 42 U.S.C. § 1983 ("section 1983") (Dkt. No. 1); (2) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq.*, (Dkt. No. 1-1); and (3) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Dkt. No. 1-2); as well as pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*") (Dkt. No. 1-3). Plaintiff has also filed a request for leave to proceed *in forma pauperis* ("IFP") and two motions for appointment of counsel. Dkt. Nos. 2, 3, 6. For the following reasons, I will grant plaintiff's IFP application for filing purposes, but will deny plaintiff's motions for appointment of counsel and recommend dismissal of the entire action, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

I.  BACKGROUND

Plaintiff commenced this action on July 8, 2016. Dkt. No. 1.[1]

---

1  On the same date, plaintiff commenced four other actions, all containing multiple complaints and filed with accompanying requests to proceed *in forma pauperis*. *See Coleman v. Engle*, No. 5:16-cv-833 (MAD/DEP) (challenging the handling of her family's public assistance benefits, including charges of errors, fraud, and theft of benefits by Onondaga County Social Services workers); *Coleman v. Detter*, No. 5:16-cv-834 (MAD/DEP) (suing attorneys involved in a Family Court child protective proceeding involving plaintiff and her children); *Coleman v. Syracuse Police Dep't*, No. 5:16-cv-836 (LEK/TWD) (suing police department and 911 call operators for handling of complaints made by plaintiff); and *Coleman v. Sutkowsky*, No. 5:16-cv- 837 (MAD/DEP) (claiming that defendants have ignored her welfare fraud complaints against Onondaga County Social Services workers). In addition, plaintiff filed two earlier lawsuits containing multiple complaints for filing on June 22, 2016. *See Coleman v. Levandowski*, No. 5:16-cv-734 (NAM/ATB) (asserting claims against social workers involved in child protective proceeding

Accompanying her complaint was an application for leave to proceed IFP. Dkt. No. 2.

Each of plaintiff's complaints relates to her 2010 award of social security benefits. Three of the complaints name Attorneys Jaya "Olinski"[2] and Howard Olinski as defendants, and the fourth complaint, brought pursuant to *Bivens*, names as a defendant the "Social Security Administration Commissioner" in addition to the two attorneys. *See generally* Dkt. Nos. 1, 1-1, 1-2, 1-3.

In her section 1983 complaint, plaintiff alleges that her social security benefits were "unlawfully taken," that she was "overcharge[ed]" fees, that her benefits were "misappropriate[ed]" and "wrongfully unreported," and that her benefits were not paid "in a timely manner." Dkt. No. 1 at 2. Plaintiff asserts three causes of action based on these allegations, but does not identify the applicable constitutional amendment or statutory provision that gives rise to her claims. *Id.* at 3-4.

In her Title VII complaint, plaintiff asserts a claim for discrimination on the basis of her race, income, disability, and education. Dkt. No. 1-1 at 2. In support of this claim, plaintiff alleges that in 2010, she "won" her disability case, and then "found out" that the attorneys "took more money than the judge awarded."

---

involving plaintiff and her children); and *Coleman v. Hanuszczak*, No. 5:16-cv-735 (NAM/ATB) (suing a Family Court Judge in a child protective proceeding).

2    The court believes that this attorney's name is Jaya Shurtliff, but because plaintiff has used the name "Olinski" in the caption, and the court is recommending dismissal with prejudice, there is no need to further consider whether the defendant has been mis-named.

*Id.* at 3. Plaintiff claims that she was never given the "financial receipts," or told how much money she was awarded. *Id.* Plaintiff states that she was not treated properly and is "very unhappy." *Id.* Plaintiff claims that "these attorneys" altered documents, told her that she owed money that she did not owe, and kept money that they should not have kept. *Id.*

In her ADA complaint, plaintiff lists her disabilities as including depression, anxiety, asthma, arthritis, mental health, migraines, brain surgery, sleep apnea, and insomnia. Dkt. No. 1-2 at 2. Plaintiff's allegations are similar to those set forth in her section 1983 and Title VII complaints, with additional allegations that after she "won" her disability case and was told by the judge "to pay fees," she was not given any paperwork showing what she was awarded. *Id.* at 3. Plaintiff further alleges that she called the Social Security Administration regarding this issue and spoke with a "woman" who gave Coleman "some files," but "saw staples and incorrect information." *Id.* Plaintiff claims that she then called "the attorney, [her] worker," but was ignored, mistreated, lied to, and kicked out when she tried to enter the "building." *Id.*

Plaintiff's *Bivens* complaint alleges that Jaya Olinski received money that she should not have received, and Howard Olinski ignored plaintiff's online complaint. Dkt. No. 1-3 at 2. Plaintiff also alleges that the "staff tried to cover up their misconduct," and that the "Social Security Administration Commissioner failed to act and oversee the employees." *Id.* In the first cause of action in the

4

*Bivens* complaint, plaintiff asserts that the defendants "wrongfully withheld [plaintiff's] awarded benefits and concealed financial records." *Id.* at 3. In the second cause of action, plaintiff asserts that the "lawyers were paid for work not done and . . . never . . . met [plaintiff]." *Id.* In the third cause of action, plaintiff asserts that "this law firm took money and split it and all who were given money were overpaid [,] except my actual attorney. His payment was correct." *Id.*

Plaintiff requests a damage award of six million dollars in each complaint. Plaintiff also asks for "justice," that all the wrongdoing be "exposed," that all violations be "corrected," and that "all involved . . . be held responsible." *See* Dkt. Nos. 1, 1-1, 1-2, and 1-3.

II. DISCUSSION

    A. Application to Proceed *In Forma Pauperis*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. §§ 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it is determined that she is unable to pay the required filing fee.[3] 28 U.S.C. §

---

3    The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

1915(a)(1). In this instance, having reviewed plaintiff's IFP application, which includes a statement from plaintiff that she is unable to pay the filing fee and a summary of her assets, I conclude that she is eligible for IFP status. *See* 28 U.S.C. § 1915(a)(1); *see also Coleman v. Syracuse Police Department*, 16-cv-0836, Dkt. No. 5 (N.D.N.Y. July 22, 2016) (Dancks, M.J.) (granting this plaintiff's application to proceed *in forma pauperis*); *Coleman v. Levandowski*, 16-cv-0734, Dkt. No. 5 (N.D.N.Y. June 28, 2016) (Baxter, M.J.) (same). Her application for leave to proceed *in forma pauperis* is therefore granted.

    B.    <u>Sufficiency of Plaintiff's Claims</u>

        1.    <u>Standard of Review</u>

Having granted plaintiff's request for leave to proceed *in forma pauperis,* the court must now review the sufficiency of the allegations set forth in her complaints to determine whether dismissal *sua sponte* is warranted, pursuant to 28 U.S.C. § 1915(e)(2)(B). That section directs that when a plaintiff seeks to proceed *in forma pauperis*, the court

> shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim a court must extend a certain measure of deference towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a plaintiff to proceed.[4] *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the

---

4     "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

statutory filing fee).

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable.'" *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D. D.C. 1977)) (italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

    2.    <u>Analysis of Plaintiff's Claims</u>

        a.    <u>Section 1983</u>

Plaintiff's section 1983 claims are asserted against her attorneys, private actors who represented her in a proceeding involving a claim for social security benefits. Dkt. No. 1. Section 1983 "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States," *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person or entity acting under color of state law, and (2) such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir.

1993); *see also Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). State action is an essential element of any section 1983 claim. *Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, J.)). In order to survive scrutiny under section 1915(e), plaintiff's complaint must allege facts that plausibly suggest state action on the part of the named defendants. *See, e.g., Giannini vs. Pearson*, No. 95-CV-1669, slip op. at 4 (N.D.N.Y.), *appeal dismissed*, (2d Cir. Apr. 19, 1996); *Carollo-Gardner v. Diners Club*, 628 F. Supp. 1253, 1256-57 (E.D.N.Y. 1986) (dismissing as frivolous *pro se* complaint where the plaintiff failed to allege state action on part of defendants).

In this case, plaintiff has failed to plead (and could not plead under any circumstances) the requisite state action to support a claim under section 1983 against her attorneys. Since there does not appear to be any other federal right implicated by plaintiff's allegations, I recommend that her section 1983 complaint be dismissed with prejudice against defendants Jaya Olinski and Howard Olinski.

        b.    <u>Title VII</u>

In bringing her Title VII claims, plaintiff has used a form complaint for employment discrimination. Yet, plaintiff does not allege employment discrimination in this action. Rather, plaintiff has checked off sections of the

form complaint to allege that her attorneys discriminated against her by failing to fully remit a disability benefits award based on her race, income, and "disability." These allegations do not state a cognizable employment discrimination cause of action under Title VII. *See Dawson v. Bumble & Bumble*, 398 F.3d 211, 216 (2d Cir. 2005) (reciting the elements of a Title VII claim).

In any event, a Title VII action may not be brought against individuals. *See Sassaman v. Gamache*, 566 F.3d 307, 315-16 (2d Cir. 2009) (quoting *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004)). In addition, Title VII requires a right-to-sue letter to be filed with the complaint showing that plaintiff exhausted her administrative remedies, *see* 42 U.S.C. § 2000e-5(f)(1),[5] which plaintiff has not attached to her complaint.

Accordingly, and for all of these reasons, I recommend that plaintiff's Title VII claims be dismissed with prejudice against defendants Jaya Olinski and Howard Olinski.

    c.    ADA

Plaintiff's ADA claims are set forth on a form complaint in which she lists under the section that asks for a description of the claimant's "disability" a series of impairments from which she suffers. Dkt. No. 1-2 at 2. The ADA provides for protection against discrimination based upon disability. 42

---

5    *See also Hodge v. New York College of Podiatric Medicine*, 157 F.3d 164, 168 (2d Cir. 1998) (stating that "Title VII plaintiffs must receive a 'right-to-sue' letter from the EEOC before filing suit in court").

U.S.C. § 12101 *et seq.* Title I of the ADA governs employment actions; Title II covers public services and programs; and Title III governs public accommodations. *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004). The only section of the ADA that could conceivably apply to plaintiff's claims is Title II, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12182.

As an initial matter, plaintiff has failed to allege facts plausibly suggesting how she was discriminated against "by reason of [her] disability." Instead, plaintiff simply alleges that she was subject to "financial misappropriation" because she was not aware of her "rights." Moreover, "[t]he ADA does not provide for individual liability." *Hodges v. Wright*, 10-cv-0531, 2011 WL 5554866, at *8 (N.D.N.Y. Sept. 29, 2011) (citing *Herzog v. McLane Northeast, Inc.*, 999 F. Supp. 274, 276 (N.D.N.Y. 1998)).

Accordingly, I recommend that plaintiff's ADA complaint be dismissed with prejudice against defendants Jaya Olinski and Howard Olinski.

    d.    *Bivens*

Plaintiff's *Bivens* claims differ from her other three claims in that she adds as a defendant in this complaint the Social Security Administration Commissioner. Dkt. No. 1-3.

In *Bivens v. Six Unknown Named Agents of Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971), the Supreme Court established a private action for monetary damages resulting from the violation of a constitutional right by federal agents or employees, acting under color of federal law. *Arar v. Ashcroft*, 585 F.3d 559, 571-72 (2d Cir. 2009) (discussing history of *Bivens* actions).

Two of the defendants in this action are attorneys who represented plaintiff in a social security proceeding, and are therefore not employed by the federal government. Thus, *Bivens* does not apply to the conduct alleged by plaintiff against defendants Jaya Olinski and Howard Olinski.

As for plaintiff's claims against the Commissioner, plaintiff fails to allege any actions taken by the Commissioner, much less to show how his actions violated plaintiff's constitutional rights. "A *Bivens* action lies against a defendant only when the plaintiff can show the defendant's personal involvement in the constitutional violation." *Green v. Maurin*, 15-cv-3967, 2015 WL 4249205, at *2 (E.D.N.Y. July 13, 2015); *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) ("[I]n *Bivens* actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation."); *Lewis v. Garcia*, No. 14 CV 3499, 2014 WL 3858394, at *2 (E.D.N.Y. Aug.4, 2014).

Moreover, any attempt to hold the Commissioner liable based on the position she holds must fail because there is no supervisory liability or *respondeat superior* in *Bivens* actions.[6] *See, e.g., Green*, 2015 WL 4249205, at *2 (citing *Adekoya v. Holder*, 751 F.Supp.2d 688, 695 (S.D.N.Y. 2010) (a defendant in a *Bivens* action may not be held liable for damages for constitutional violations merely because he held a high position of authority)).

Accordingly, I recommend that plaintiff's *Bivens* claims be dismissed with prejudice against the defendants.

C. Motions for Appointment of Counsel

Plaintiff has filed two motions for appointment of counsel. Dkt. Nos. 3, 6. Her first motion includes a statement that Hiscock Legal Aid Society and "the bar" were unable to provide her with counsel and "SU said call back in September." Dkt. No. 3. Her second motion contains a similar statement, and has attached to it letters from the Central New York Legal HelpLine and Legal Services of Central New York addressed to plaintiff several months before she commenced this action. Dkt. No. 6.

Even if the court were not recommending dismissal of plaintiff's complaint with prejudice, a more fully developed record would be necessary before a meaningful assessment could be made as to whether counsel should be appointed. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir.

---

6    The Acting Commissioner of Social Security is currently Carolyn W. Colvin.

1997) (court must look to the likelihood of merit of the underlying dispute in determining whether to appoint counsel). Therefore, plaintiff's motions for appointment of counsel are denied without prejudice. Should the assigned district judge reject my recommendation and allow some or all of plaintiff's claims to proceed, plaintiff will be permitted to make a subsequent motion for appointment of counsel.

> D. Opportunity to Amend

While generally, when a *pro se* complaint is *sua sponte* dismissed, the court should afford the plaintiff the opportunity to amend at least once, leave to re-plead may be denied where amendment would be futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Amendment is futile when the problem with plaintiff's causes of action is substantive such that a better pleading will not cure the deficiency. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

In this case, for the reasons set forth above, there exists no possible basis for plaintiff's actions to proceed against either of the two attorneys she has sued, who are not state actors or federal employees and cannot be sued individually under Title VII or the ADA. There also exists no possible basis for a *Bivens* action against the Acting Social Security Commissioner, who was not personally involved in any of the conduct giving rise to plaintiff's claims and cannot be held liable under theories of supervisory liability or *respondeat superior*. Thus, this court would recommend that

plaintiff's complaints be dismissed with prejudice and without the opportunity to amend against these defendants.

III. <u>SUMMARY AND RECOMMENDATION</u>

A review of plaintiff's application for leave to proceed *in forma pauperis* in this action reflects that she is eligible for IFP status, which will therefore be conferred. A review of her complaints, however, reveals that they fail to state a claim upon which relief may be granted. Accordingly, it is

ORDERED that plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED for filing purposes only; and it is further

ORDERED that plaintiff's motions for appointment of counsel (Dkt. Nos. 3, 6) are DENIED without prejudice; and it is further respectfully

RECOMMENDED that plaintiff's complaints in this action (Dkt. No. 1; Dkt. No. 1-1; Dkt. No. 1-2; Dkt. No. 1-3) be DISMISSED without leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this order and report and recommendation upon the parties in accordance with this court's local rules.

Dated: July 29, 2016
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge