**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**ROCHELLE COLEMAN,**

                **Plaintiff,**

vs.                                 5:16-cv-00838
                                        (MAD/DEP)

**JAYA OLINSKI, HOWARD OLINSKI,
and THE SOCIAL SECURITY
ADMINISTRATION COMMISSIONER,**

                **Defendants.**

---

**APPEARANCES:**                 **OF COUNSEL:**

**ROCHELLE COLEMAN**
231 Lilac Street
Syracuse, New York 13208
Plaintiff *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

     On July 8, 2017, *pro se* Plaintiff Rochelle Coleman filed as one action four civil rights complaints against two attorneys, Jaya Olinski[1] and Howard Olinski, and, with respect to one complaint, the Commissioner of Social Security. *See* Dkt. Nos. 1, 1-1, 1-2, and 1-3. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 ("section 1983"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). *See id.* Additionally, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") and two motions to appoint counsel. *See* Dkt. Nos. 2,

---

[1] Magistrate Judge Peebles notes that Defendant Jaya "Olinski" is likely Jaya Shurtliff. *See* Dkt. No. 8 at 3 n.2.

3 and 6.

On July 29, 2016, Magistrate Judge Peebles issued a Report, Recommendation and Order granting Plaintiff's application to proceed *in forma pauperis* and denying Plaintiff's two motions to appoint counsel. *See* Dkt. No. 8 at 16. Magistrate Judge Peebles recommended the Court dismiss Plaintiff's four complaints with prejudice due to Plaintiff's failure to state a claim. *See id*. Currently before the Court is Magistrate Judge Peebles' Report, Recommendation and Order.

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "'the court has the duty to show liberality towards pro se litigants,' however, 'there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action *in forma pauperis*.'" *Griffin v. Doe*, 71 F. Supp. 3d 306, 311 (N.D.N.Y. 2014) (quoting *Moreman v. Douglas*, 848 F. Supp. 332, 333-334 (N.D.N.Y. 1994)) (internal citations omitted); *see*, *e.g.*, *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

When reviewing a complaint under 28 U.S.C. § 1915(e), courts are guided by the applicable requirements of the Federal Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a) "does not require 'detailed factual allegations,' . . . it demands more than an unadorned" recitation of the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (other citations omitted).

To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

Neither party objected to Magistrate Judge Peebles' Report, Recommendation, and Order. As a general matter, when a party files specific objections to a magistrate judge's report and recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, when a party files "'[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge,'" the court reviews those recommendations "'for clear error.'" *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) (quotation omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See*

3

*Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Plaintiff's section 1983 complaint alleges that her social security benefits "were unlawfully taken," "misappropriat[ed]," "wrongfully unreported," not paid "in a timely manner" and that she was "overcharg[ed] . . . case fees." Dkt. No. 1 at 2. Magistrate Judge Peebles recommended the Court dismiss Plaintiff's section 1983 complaint with prejudice. *See* Dkt. No. 8 at 10.

"To state a claim under § 1983, a plaintiff must allege two elements: (1) 'the violation of a right secured by the Constitution and laws of the United States,' and (2) 'the alleged deprivation was committed by a person acting under color of state law.'" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87-88 (2d Cir. 2015) (citations and quotations omitted). "State action is an essential element of any § 1983 claim." *Baum v. N. Dutchess Hosp.*, 764 F. Supp. 2d 410, 419 (N.D.N.Y. 2011) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 934 (1982) (other citations omitted)). Since private attorneys, even when appointed by the court, do not act under color of state law for purposes of section 1983, the Court finds that Magistrate Judge Peebles correctly

determined that this claim should be dismissed with prejudice. *See Harrison v. New York*, 95 F. Supp. 3d 293, 328-29 (E.D.N.Y. 2015) (quotation and other citations omitted). Therefore, the Court dismisses Plaintiff's section 1983 complaint with prejudice.

Plaintiff's Title VII complaint asserts a claim for discrimination on the basis of her race or color, income, disability, and education. Dkt. No. 1-1 at 2. To support this claim, Plaintiff alleges that in 2010 she "won [her] disability case" and "found out that [the] attorneys took more money than the judge awarded." *Id.* at 3. Additionally, Plaintiff claims she was never given "financial receipts from [her] lawyer" or told how much she was awarded. *Id.* Plaintiff also claims that the attorneys "told [her] that [she] owed money" when she did not owe any money and that the attorneys "altered documents of [her] financial records and kept money" improperly. *Id.* at 4.

As Magistrate Judge Peebles correctly found, Plaintiff "does not allege employment discrimination" and her complaint "do[es] not state a cognizable employment discrimination cause of action under Title VII." Dkt. No. 8 at 11; *see also Dawson v. Bumble & Bumble*, 398 F.3d 211, 216 (2d Cir. 2005) (reciting the elements of a Title VII claim). Additionally, Plaintiff's Title VII claim is subject to dismissal because "'individuals are not subject to liability under Title VII.'" *Sassaman v. Gamache*, 566 F.3d 307, 315 (2d Cir. 2009) (quoting *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004)) (other quotations omitted). Moreover, "Title VII plaintiffs must receive a 'right-to-sue letter' from the EEOC before filing suit in court" which Plaintiff failed to attach. *Hodge v. N.Y. Coll. of Podiatric Med.*, 157 F.3d 164, 168 (2d Cir. 1998) (citing 42 U.S.C. § 2000e-5(f)(1)) (other citations omitted). Therefore, the Court dismisses Plaintiff's Title VII complaint with prejudice.

Plaintiff's ADA complaint lists her disabilities as depression, anxiety, asthma, arthritis,

5

unspecified mental health issues, migraines, brain surgery on November 10, 2015, sleep apnea, and insomnia. Dkt. No. 1-2 at 2. Plaintiff alleges that the attorneys "took benefits from [her]" and that in 2010 she "won [her] disability case" and was told by the judge "to pay fees," but not given any paperwork to show her award. *Id.* at 3. Plaintiff further alleges she called the Social Security Administration and spoke with "a woman [who] gave [her] some files" and while reviewing the files, Plaintiff "saw staples and incorrect information." *Id.* Lastly, Plaintiff claims she called "the attorney, [her] worker," but was ignored, mistreated, and kicked out of the building she tried to enter. *Id.*

Magistrate Judge Peebles recommended the Court dismiss Plaintiff's ADA complaint with prejudice. *See* Dkt. No. 8 at 12. As Magistrate Judge Peebles correctly determined, the only section of the ADA that could apply is Title II, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Plaintiff failed to allege facts plausibly how she was discriminated against by reason of her disability. Additionally, "[t]he ADA does not provide for individual liability." *Hodges v. Wright*, No. 9:10-cv-0531, 2011 WL 5554866, *8 (N.D.N.Y. Sept. 29, 2011) (citing *Herzog v. McLane Northeast, Inc.*, 999 F. Supp. 274, 276 (N.D.N.Y. 1998)). Therefore, the Court dismisses Plaintiff's ADA complaint with prejudice.

Plaintiff's *Bivens* complaint alleges that Jaya Olinski "received money that she should not have" and that Howard Olinski "ignored [her] online complaints." Dkt. No. 1-3 at 2. Plaintiff also asserts that "the staff tried to cover up their misconduct" and that the "Social Security Administration commissioner failed to act and oversee the employees." *Id.* She claims that Defendants wrongfully withheld her "awarded benefits and concealed financial records" and that

6

"lawyers were paid for work not done" while never meeting with Plaintiff. *Id.* at 3. Plaintiff also asserts that the "law firm took money and split it and all who were given money were overpaid[,] except my actual attorney." *Id.* at 3. For this complaint, Plaintiff adds the Social Security Administration Commissioner as a defendant. *See id.* at 1.

Magistrate Judge Peebles recommends that Plaintiff's *Bivens* complaint be dismissed with prejudice. *See* Dkt. No. 8 at 14. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court established a private action for monetary damages resulting from the violation of a constitutional right by federal agents or employees who acted under the color of federal law. *See Arar v. Ashcroft*, 585 F.3d 599, 571-72 (2d Cir. 2009) (discussing the history of *Bivens* actions). As Magistrate Judge Peebles correctly determined, *Bivens* clearly does not apply to Jaya Olinski and Howard Olinski because neither worked for the federal government. *See* Dkt. No. 8 at 13. As for the Social Security Administration Commissioner, Plaintiff failed to allege the personal involvement of the Commissioner, which is a prerequisite to recovery under *Bivens*. *See Green v. Maurin*, No. 15-cv-3967, 2015 WL 4249205, \*2 (E.D.N.Y. July 13, 2015); *Vazquez-Mentado v. Buitron*, 995 F. Supp. 3d 93, 96 (N.D.N.Y. 2014) (citation omitted). Finally, to the extent that Plaintiff is attempting to claim that she was damaged by the improper denial or withholding of Social Security benefits, the Supreme Court has refused to extend *Bivens* to cover such claims. *See Schweiker v. Chilicky*, 487 U.S. 412, 429 (1988) (refusing to extent *Bivens* to Fifth Amendment due process claim based on the denial of Social Security benefits). Therefore, the Court dismisses Plaintiff's *Bivens* complaint with prejudice.

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "'when a liberal reading of the complaint gives any

7

indication that a valid claim might be stated.'" *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *Mathon v. Marine Midland Bank*, *N.A.*, 875 F. Supp. 986, 1003 (E.D.N.Y. 1995) (permitting leave to replead where the court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). As the Second Circuit explained, "[w]here it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted).

Although a court should generally permit a *pro se* litigant leave to amend at least once, the Court finds that amendment is inappropriate in this case. The Court agrees with Magistrate Judge Peebles that Plaintiff can not plead the requisite state action needed to support a section 1983 claim against her named defendants. *See* Dkt. No. 8 at 10. Additionally, Defendants Jane Olinski and Howard Olinski are not state actors or federal employees and cannot be sued individually under Title VII or the ADA. *See id*. at 15. Lastly, there is no possible basis for a *Bivens* action against the Social Security Commissioner. *Id.* Therefore, Plaintiff's claims in all four complaints are dismissed with prejudice.

After carefully reviewing Plaintiff's submissions, Magistrate Judge Peebles' July 29, 2016 Report, Recommendation and Order and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Report, Recommendation and Order (Dkt. No.

8) is **ADOPTED in its entirety**; and the Court further

    **ORDERS** that Plaintiff's complaints are **DISMISSED with prejudice**; and the Court further

    **ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

    **ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 27, 2017
      Albany, New York

                                      Mae A. D'Agostino
                                      U.S. District Judge